## SUPREME COURT.

### JOHNSTON agt. BRYAN.

Where a summons is served stating that the complaint will be filed in the clerk's office of a certain county (§ 130); a *motion for judgment* in favor of the defendant, for not serving a copy of the complaint, must be made in that district or a county adjoining the one in which it is stated that the complaint will be filed in another district (§ 401).

*Monroe Circuit and Special Term, Nov.* 1850. Motion for judgment in favor of the defendant in the nature of non pros.

The summons was served on the defendant on the 10th day of August 1850, and required the defendant to answer the complaint, &c., which the summons stated would be filed with the clerk of the county of Oneida, and to serve a copy answer on the plaintiff's attorney's at Utica within twenty days, &c.

On the 12th August 1850, the defendant handed the copy summons to his attorneys residing in Rochester, and retained them to defend the action, and they on the next day (13th Aug.) served, through the mail, notice of retainer and a demand in writing of copy of complaint upon the plaintiff's attorneys, who resided in Utica.

The motion is founded upon the neglect to deliver a copy of the complaint.

A preliminary objection is taken by the plaintiff's counsel that the motion can not be made here, but should have been made in the fifth district.

Johnston agt. Bryan.

WELLES, Justice.—By section 401 of the Code, motions must be made within the district in which the action is triable, &c. Section 142 provides that the complaint shall contain the title of the cause, specifying the name of the court in which the action is brought and the name of the county in which the plaintiff desires the trial to be had, &c. By section 130, in case the complaint be not served with the summons, the latter shall state where the former will be filed; and if the defendant within ten days make demand in writing of a copy of the complaint specifying a place within the state where it may be served, a copy thereof shall be served accordingly, &c. By rule 3 of this court, papers are required to be filed in the office of the clerk of the county specified in the complaint as the place of trial.

In this case no copy of the complaint was served with the summons, nor has it since been served. It does not appear whether it has yet been filed. The summons stated it would be filed with the clerk of Oneida county. If it has been filed, it must have been there or it would have been irregular, because the summons stated it would be filed there, which was necessary by § 130.

I think it can not be maintained that this motion could be regularly made either in the fifth or sixth district, at the option of the defendant. If that were so, by the same rule it could be made anywhere in the state, at the defendant's election. There is no good reason why it could be made in Monroe county any more than in Chautauque, St. Lawrence or New York. I incline to the opinion that the motion should have been made in the fifth district, unless Oneida county adjoins some other district, in which case it may be made in a county in such other district adjoining Oneida (§ 401).

When the motion shall be so made, the plaintiff will not be allowed to object that it does not appear where the action was triable, as it would be presumed that when the complaint should be filed in Oneida county, it would specify that county as the place of trial. The motion is therefore denied; but as the question is new, and involves a construction of various provisions of the code, no costs are allowed for opposing.